# In the United States Court of Federal Claims

No. 20-1520
Filed: October 27, 2021
Corrected: November 3, 2021

|  |
|---|
| **JOHN D. HORTON,**  *Plaintiff*,  v.  **THE UNITED STATES,**  *Defendant.* |

*John D. Horton*, pro se, Lawton, Oklahoma.

*Margaret J. Jantzen*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

John Horton, proceeding pro se, brings this action seeking a return of approximately $600 in wages garnished by the United States Defense Finance and Accounting Service ("DFAS").[1] (Compl. at 2, ECF No. 1). Mr. Horton alleges that he did not owe any federal debt and "all collection actions taken . . . were unlawful[.]" (*Id*.). Thus, fairly construed, Mr. Horton's Complaint raises an illegal exaction claim.

Mr. Horton was previously employed by the Department of Defense ("DoD") at Fort Belvoir until July 10, 2003. (DA001). On June 10, 2015, approximately twelve years later, DFAS notified Mr. Horton that he had been overpaid. (*Id*.). The letter identified that Mr. Horton received compensation for eight hours beyond his separation, and fourteen hours for which Mr. Horton was on leave without pay. (*Id*.). DFAS determined the net amount of the overpayment to Mr. Horton to be $566.68 and demanded payment by July 25, 2015. (*Id*.). DFAS also notified Mr. Horton that failure to pay this debt would result in garnishments. (*Id*.).

On January 8, 2016, the debt remained unpaid so DFAS "accepted," "establish[ed]," and turned the debt over to the Department of the Treasury for collection. (DA001, DA006). On July 5, 2019, a private collection agency retained by the Department of the Treasury notified Mr.

---

[1] Mr. Horton's Complaint alleges the Department of Education garnished his wages. However, the record reflects that it was actually DFAS. (Def.'s Appx. ("DA") 001, ECF No. 24-1).

Horton of its interest in collecting the outstanding debt. (DA006). The collection agency sent Mr. Horton another notice on November 27, 2019 stating the debt remained outstanding and expressing its intent to garnish Mr. Horton's wages. (DA008–010). That notice also informed Mr. Horton of his opportunity to seek a hearing on the validity of the debt. (*Id.*). On December 27, 2019, the Department of the Treasury issued Mr. Horton a Wage Garnishment Order and served it on Wal-Mart, his employer at the time. (DA014–015).

After filing his Complaint, Mr. Horton moved for leave to proceed in forma pauperis. (ECF No. 2). The Court granted that request, stayed this case for 60 days, and referred Mr. Horton's case to the Court of Federal Claims Bar Association for possible pro bono representation. (ECF Nos. 6, 13). Mr. Horton did not retain counsel during the stay. (ECF No 15). The United States then filed a Motion to Dismiss. (ECF No. 16). Mr. Horton's Response to the United States' Motion to Dismiss raised several questions about the origin of the debt. (*See* Resp. to MTD, ECF No. 17). Accordingly, on July 8, 2021, the Court held a hearing on the United States' motion and ordered the United States to provide certain documents to Mr. Horton and meet and confer regarding a resolution of this case. In August 2021, after Mr. Horton and counsel for the United States met, the parties advised the Court that they had not reached an amicable resolution. (ECF No. 20). The Court then ordered a summary judgment briefing schedule. (ECF No. 21).

The United States now moves for summary judgment on Mr. Horton's illegal exaction claim. An illegal exaction claim involves money that was improperly exacted or taken from the claimant in contravention of the Constitution, federal statute, or regulation. *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). To invoke the Court's Tucker Act jurisdiction over an illegal exaction claim, the claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" *Id.* (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Federal agencies are responsible for collecting debts "arising out of the activities of, or referred to, the agency[.]" 31 U.S.C. § 3711(a)(1); 31 C.F.R. § 901.1 ("Federal agencies shall aggressively collect all debts arising out of activities of, or referred or transferred for collection services to, that agency."). Wage garnishments are authorized means of collecting debts. If a nontax debt is delinquent for 180 days, the Department of the Treasury is compelled to take all "appropriate action to collect" that debt. 31 U.S.C. § 3711(g). A court order is not required to effectuate an administrative garnishment. § 3720D; 31 C.F.R. § 285.11.

Here, DFAS properly notified Mr. Horton of the overpayment and demand for repayment, creating an outstanding debt. (DA001). Mr. Horton was informed of the basis for the debt and given an opportunity to dispute its validity. (DA001–002). He was also provided with contact information to seek more information. (DA002). When he failed to pay, DFAS transferred the debt to the Department of the Treasury in accordance with the law. *See* 31 C.F.R. § 285.12. Mr. Horton was then notified of the Department of the Treasury's intent to collect the debt. (DA006). The Department of the Treasury followed the procedures outlined in 31 U.S.C. § 3720D and 31 C.F.R. § 285.11 by explaining the nature and amount of the debt and giving him

30 days to contact the servicer, pay the debt, or contest its validity. (DA006). More than five months later, the debt remined unpaid and on December 27, 2019, the Department of the Treasury issued a Wage Garnishment Order that adhered to the limits established in 31 U.S.C. § 3720D(B)(1) (garnishments not to exceed fifteen percent of disposable pay without the consent of the debtor). Finally, the Department of the Treasury sought certification from Wal-Mart—Mr. Horton's employer—that Mr. Horton was a current employee and the amount of pay available for garnishment. (DA020–021).

The Court ordered Mr. Horton to file his response to the United States' Motion for Summary Judgment on or before October 19, 2021. (Sept. 17 Sched. Order). Mr. Horton has failed to file that response and failed to seek any enlargement of time to do so. Therefore, the Court finds that there are no material facts in dispute and the United States is entitled to judgment as a matter of law. Mr. Horton has identified no statute, regulation, or other source of authority that the United States violated in collecting this debt. (Compl.; Resp. to MTD). Although Mr. Horton is understandably surprised by the United States' delay in collecting a debt that dates back nearly two decades, Congress did not establish a statute of limitations applicable to administrative wage garnishments. *See* 31 U.S.C. § 3720; 31 C.F.R. § 285.11(d) ("Whenever an agency determines that a delinquent debt is owed by an individual, the agency may initiate proceedings administratively to garnish the wages of the delinquent debtor.").

Consequently, the Court concludes that the debt was valid, legally established, and collected in accordance with applicable law. Therefore, Mr. Horton's illegal exaction claim must fail as a matter of law. The United States' Motion for Summary Judgment (ECF No. 24) is **GRANTED**, and the Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge